LAWRENCE A. VAN RIPER

*v.*

GEORGE S. HILTON et al.

[Decided February 17th, 1911.]

A testator established a trust to continue "until my youngest grandchild, now living, shall attain the age of twenty-six years, or would be of the age of twenty-six years if then living." Testator died a month after the will was executed, and when the will was made there were grandchildren born, and the wife of the only son living was not then *enceinte.*—*Held* that, as there was no possibility of the testator's having at the date of the will any younger grandchild than then existed, the trust does not conflict with the rule against perpetuities, as extending for a longer period than two lives in being.

This is a bill by Lawrence A. Van Riper against executors and trustees of his father's will. He sets out in his bill that his father, Hartman V. Van Riper, made a will upon the 20th day of November, 1902, and died on the 24th of December, 1902; and that in and by his will be constituted George S. Hilton, Walter R. Hudson and Jane F. Van Riper, executors, and that they have qualified; that Carrie E. Van Riper is the wife of Lawrence, the complainant, and is forty-five years of age, and that they were married on the 12th of November, 1889, and that the defendants, William and Lawrence A. Van Riper, Jr., are the lawful issue of their marriage, they being infants of the ages of eighteen and sixteen, respectively. He then sets out that his father died intestate as to certain of his property, because he claims that under the tenth clause of the will the attempted trusts violate the rule against perpetuities or accumulations.

The tenth clause of the will is as follows:

"TENTH. I give, devise and bequeath all the rest, residue and remainder of my estate, to Jane E. Van Riper, George S. Hilton and Walter R. Hudson, in trust:

"*First:* To rent and lease any and all real estate owned by me and not hereinabove specifically devised until my youngest grandchild now living shall attain the age of twenty-six years or would be of the age of twenty-six years if then living, to collect and receive the rents, issues and profits arising therefrom and out of the same pay all charges for repairing, taxes, water and insurance and invest the balance in bonds, mortgages or other proper securities or deposit the same in some safe banking institution at interest, and keep the same, with the income, profits, interest and accumulations thereon invested as aforesaid.

"*Second:* To invest all moneys which shall come into their hands as such trustee, or which may be derived from any of said real estate, sold and conveyed, under and by virtue of the power and authority given to them in this will, or which may be derived from bonds, mortgages, or other securities belonging to the said residue and remainder of my estate, in bonds, mortgages or other securities, or deposit the same in some safe banking institution at interest and keep the same with the income, profits, interest and accumulations thereof, invested as aforesaid.

"*Third:* When my youngest grandchild now living shall attain the age of twenty-six years or would if then living be of the age of twenty-six years, my said trustees shall render to the proper courts their accounts and after the same have been approved and allowed them, my trustees compensated for their serving herein, and all costs, charges and expenses paid and satisfied, my trustees shall, if my wife, Jane E. Van Riper, is still living, set aside bonds, mortgages or other securities to the value of

Ten Thousand Dollars and pay the income thereof to the said Jane E. Van Riper in frequent payments as long as she shall live. If my son, Ackerman Van Riper, is then living, my said trustees shall set apart other bonds, mortgages or other securities, to the value of Ten Thousand Dollars; and pay the income thereof to the said Ackerman Van Riper as long as he shall live.

"My trustees shall then assign and set over to Jane Van Riper, one of the children of my deceased son George Van Riper, money, bonds, mortgages and other securities, equal in value to the one-fourth part of all the money, bonds, mortgages or other securities then remaining in their hands and shall convey to her in fee simple, by good and sufficient conveyances in the law the equal undivided one-fourth part of all the lands and real estate then held by my trustees and shall then transfer, assign and set over to Maggie Van Riper the other child of my deceased son, George Van Riper, money, bonds, mortgages and other securities, equal in value to the one-fourth part of all moneys, bonds, mortgages or other securities then remaining in their hands, and shall convey to her in fee simple, by good and sufficient conveyances in the law, the equal undivided one-fourth part of all the lands and real estate held by my trustees. My trustees shall then divide all the rest, residue and remainder of all the moneys, bonds, mortgages and other securities remaining in their hands among all the children of my son, Ackerman Van Riper, then living, and shall convey to the children of the said Ackerman Van Riper, the equal undivided one-half of all the lands and real estate held by said trustees, it being the intention that all the children of my son, Ackerman Van Riper, whether living at the time of my decease, or born afterwards, shall share in the distribution of estate herein provided and set forth.

"In the event of the death of either Jane Van Riper or Maggie Van Riper, children of my deceased son, George Van Riper, before attaining the age of twenty-six years and without lawful issue, leaving her sister her surviving, then I give, devise and bequeath all the lands, real estate, money, bonds, mortgages and other securities, herein devised and bequeathed to the child so dying, to the surviving child, her heirs and assigns forever.

"In the event of both the said Jane Van Riper and Maggie Van Riper dying before attaining the age of twenty-six years and without lawful issue, and leaving a child or children of my son, Ackerman Van Riper, surviving them, then and in that event I give, devise and bequeath all the lands, real estate, money, bonds, mortgages and other securities herein devised and bequeathed to the said Jane Van Riper and Maggie Van Riper, to the children of my son, Ackerman Van Riper, their heirs and assigns forever.

"In the event of the death of any of the children of my son, Ackerman Van Riper, before attaining the age of twenty-six years, and without lawful issue, leaving a brother or sister, or brothers or sisters him or her surviving, then and in that event, I give, devise and bequeath all the lands, real estate, moneys, bonds, mortgages and other securities herein devised and bequeathed to the child or children so dying, to the surviving child or children of my said son, Ackerman Van Riper, to them, their heirs and assigns forever.

"In the event of all the children of my son Ackerman Van Riper dying before attaining the age of twenty-six years without leaving lawful issue and leaving a child or children of my son, George Van Riper, surviving them, and in that event, I give, devise and bequeath all the lands, real estate, moneys, bonds, mortgages and other securities, devised and bequeathed to the children of my son Ackerman Van Riper, to the children of my son George Van Riper, their heirs and assigns forever."

The other parties are the executors and executrix of the will, the widow individually, the grandchildren of the testator, and Carrie E. Van Riper, the wife of the complainant.

*Mr. Henry Smith* and *Mr. Preston Stevenson,* for the complainant.

*Mr. David D. Zabriskie,* for the guardian *ad litem* of William P. and Lawrence A. Van Riper, Jr.

*Mr. Frederic Beggs,* for Jane E. Van Riper and the guardian *ad litem* of Marjorie Van Riper.

*Mr. Henry Bewkes, Jr.,* for Carrie E. Van Riper.

*Mr. Wayne Dumont,* for R. H. Fordyce, substituted trustee.

*Mr. William B. Gourley,* for Hilton, Hudson and Van Riper, executors and trustees.

GARRISON, V. C.

The sole question in the case is whether the rule against perpetuities has been violated by the testator by the provisions made by him in the tenth clause of his will which is quoted in full above.

The relevant facts are few and are as follows: The will was made on the 20th day of November, 1902; the testator died on the 24th day of December, 1902. At the time of his death he left him surviving his widow, Jane E. Van Riper; Jane Van Riper and Maggie Van Riper, grandchildren, they being the children of his deceased son George Van Riper, who had died some ten years prior to the death of the testator; Lawrence A. Van

Riper, a son; William P. Van Riper, the oldest child of Lawrence A. Van Riper, and Lawrence A. Van Riper, Jr., the youngest child of Lawrence A. Van Riper, the said Lawrence A. Van Riper, Jr., having been born on the 27th of April, 1893.

At the time that the testator executed his will, on the 20th day of November, 1902, the wife of Lawrence A. Van Riper was not *enceinte.* The youngest living grandchild, therefore, was Lawrence A. Van Riper, born on April 26th, 1893, and at the date of the making of the will he was, therefore, nine years, six months and twenty-four days old; and since the only living child of the testator was Lawrence A. Van Riper, and his wife was not *enceinte* at the time the will was made, there was no possibility of the testator's having at the date of the will any younger grandchild than the above-mentioned Lawrence A. Van Riper.

The contention of the complainant is based on the language in the tenth clause above quoted which fixes the period of non-vesting or of accumulation. The language under review occurs in two places and is practically identical in each. It is as follows: In the first paragraph of the tenth clause the trust is to last "until my youngest grandchild now living shall attain the age of twenty-six years or would be of the age of twenty-six years if then living," and in the third paragraph of the same clause the language is "when my youngest grandchild now living shall attain the age of twenty-six years, or would, if then living, be of the age of twenty-six years," &c. The argument of the complainant is that since it might have been the fact that the testator's living son Lawrence A. Van Riper, who was married at that time, might have been the father of a child *en ventre sa mere,* there was a possibility of a younger grandchild than Lawrence A. Van Riper, Jr., and if such had been the case the computation based upon his age would have carried the period beyond the limit allowed by the rule against perpetuities.

With respect to the terms of the rule there is no dispute; and since I intend to concede in favor of the complainant the utmost liberality of application of the rule, it does not seem worth while to me to burden this opinion with citations of authority. For the purpose of this decision, I shall assume the rule to be that an estate must vest, or accumulations may not be permitted for

longer than a life or lives in being at the date of the testator's death and twenty-one years after the cessation of such life or lives (allowing also for the usual period of gestation) ; and, further, that if no lives are used, the period must not exceed twenty-one years after the date of the testator's death; and, further, that if by any possibility the period provided for by the testator, using the elements which he based his computation upon, could exceed the term of life or lives in being at the date of the testator's death and twenty-one years thereafter, such provisions are void.

Applying the rule as just stated to the case at bar, I find, as a matter of fact, that there was no possibility, using the elements that the testator used, which could prolong the period of the non-vesting or of accumulation beyond the time allowed by law. The elements used by the testator were, first, the youngest grandchild living at the time that he made his will, November 20th, 1902, and twenty-six years from the date of the birth of such youngest grandchild. Of course, if at that time there had been living a grandchild any younger than five years, the provision of the will under review would have to be declared void, and of course this result would follow had the wife of the testator's son been with child at the time that the testator made his will. But, as a fact, Lawrence A. Van Riper, Jr., then nine years and six months old, was the youngest living grandchild. And, to my mind, it is utterly immaterial that if the circumstances had been different than what they were the result would be different, because we are not dealing with the validity of this clause applied to different facts than those which existed, but with its validity tested by the existing facts.

The testator was subject to the universal presumption of knowledge of the law. He is presumed to have known that he could not prolong the time for vesting of his estate, or within which it might be accumulated beyond a certain period. He was charged, therefore, with the responsibility of definitely fixing a period within the rule; and, in my view, he did so. It is, in my view, entirely wide of the mark to say that Lawrence A. Van Riper, the son, who was the father of two children then living, might have had other children after the birth of Lawrence A. Van Riper,

Jr., his youngest child, who was born more than nine years before the testator made his will. The fact is that there was not any child of his younger than the said Lawrence A. Van Riper, Jr. It is equally true that the said Lawrence A. Van Riper, the son of the testator, might have been the father of a child still in the womb of his wife, but, as a matter of fact, he was not; and this, therefore, equally disposes of that supposition. The testator was dealing with actually existing facts. How he acquired knowledge of such facts which enabled him to use them without fear of consequences is immaterial. Suppose that it should appear in a similar case that after the birth of a child born nine years before the testator made his will, his only living son and the wife of such son had separated and the wife had gone to live in some other community, entirely apart from her husband, and the latter had remained with his father, the testator, during all of the years and had never left him, so that the testator was assured for that reason that there was no younger son of his son than the one born some nine years before the time the will was made, can there be any question that he would be entitled to use those facts as a warrantable basis for a computation based upon the age of his youngest grandchild then living? Innumerable instances could be given of a similar nature, but they all lead to the conclusion which I have stated above. This testator dealt with existing facts. The proofs before me demonstrate what those facts were. In the eye of the law they were as apparent to him then as they are to me now, and he had a right to deal with them as existing facts, and did so.

I can see no more force in the contention that *if* there had been a child *en ventre sa mere* this provision would have been void than an argument based upon the supposition that the testator *might* have been ignorant of the age of Lawrence A. Van Riper, Jr., and that the said Lawrence A. Van Riper, Jr., might have been younger than he was, or any other similar supposition.

In my view of this case there is no room for any suppositions. The testator was dealing with existing facts, and we have a right to presume that, if, as a fact, he had learned that the wife of his son were *enceinte,* he would have made his provision with respect

to that fact, and would have made it within the law; and that since she was not *enceinte,* and the youngest living grandchild was the boy born more than nine years before, he dealt, as he had a right to do, with that as an existing fact.

The result, therefore, of my consideration of this case is that the provisions of this will under review do not violate the rule against perpetuities or with respect to accumulations.

The industry of counsel furnished me with very many citations from text-books and authorities, and I have read most, if not all, of them, and have also continued the investigation personally with the result that I read many not cited by counsel. I have purposely refrained from citing authorities, because I have found them, with respect to this case, confusing and not helpful. I found no case (and counsel were not able to furnish me with any) the facts of which were so nearly like the present case as to aid in its determination; and the general principles are too well settled to require citation.

As above stated, I assume the law to be as strongly in favor of the complainant as it seem possible for me to make it, and find, upon the facts, that it does not apply favorably to him in the case in hand.